IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHERYL GILL,<br>   *Plaintiff*, | § § § | |
| v. | § § | Case No. |
| MIRAND RESPONSE SYSTEMS, INC.,<br>   *Defendant*. | § § § § § | |

## ORIGINAL COMPLAINT

### NATURE OF ACTION

1. This is an action for damages brought by Plaintiff, Cheryl Gill ("Plaintiff"), an individual, for Mirand Response Systems, Inc.'s ("Defendant") violations of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. §§ 1692, *et seq*. and the Texas Debt Collection Act ("TDCA"), TEX. FIN. CODE §§ 392.001, *et seq*., which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Plaintiff seeks to recover monetary damages for Defendant's violation of the FDCPA and the TDCA, and to have an Order or injunction issued by this Court preventing Defendant from persisting in its violative behaviors.

3. Service may be made upon Defendant in any other district in which it may be found pursuant to 29 U.S.C. § 1132(e)(2).

### JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

5. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

## PARTIES

6. Plaintiff is a natural person residing in the State of Texas, County of Harris, and City of Houston.

7. Plaintiff is a consumer as defined by 15 U.S.C. § 1692a(3) and Tex. Fin. Code § 392.001(1).

8. Defendant is an entity which at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as defined by Tex. Fin. Code § 392.001(2).

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by Tex. Fin. Code § 392.001(6).

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

11. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes and Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

12. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

13. Upon information and good faith belief, on or around April 15, 2012, Plaintiff demanded that Defendant cease and desist from placing any telephone calls to Plaintiff's place of employment because such calls are inconvenient to Plaintiff and violate the policy of Plaintiff's employer.

14. Despite Plaintiff's demand to cease and desist from placing any and all calls to Plaintiff's place of employment, and in connection with the collection of an alleged debt in default, Defendant placed a call to Plaintiff's place of employment on April 28, 2012 at 8:50 A.M., and at such time, spoke with Plaintiff.

15. During the April 28, 2012 conversation Plaintiff again demanded that Defendant cease and desist from placing any calls to Plaintiff's place of employment because such calls are inconvenient to Plaintiff and violate the policy of Plaintiff's employer.

16. During the April 28, 2012 conversation, Defendant threatened Plaintiff by stating: "You owe this bill and you have a job. You need to pay this bill. If you don't call back by 3:00 P.M., we will take further actions."

17. During the April 28, 2012 conversation, Defendant conveyed a false sense of urgency for the purpose of compelling Plaintiff to continue communicating with a debt collector.

18. Despite Plaintiff's demand to cease and desist from placing any and all calls to Plaintiff's place of employment, and in connection with the collection of an alleged debt in default, Defendant placed a call to Plaintiff's place of employment on May 4, 2012 at 8:40 A.M., and at such time, spoke with Plaintiff.

19.     During the May 4, 2012 conversation, Plaintiff told Defendant to cease and desist from calling Plaintiff's cellular telephone between 8:00 A.M. and 4:30 P.M. because such times are inconvenient, and again demanded that Defendant cease and desist from placing any calls to Plaintiff's place of employment because such calls are inconvenient to Plaintiff and violate the policy of Plaintiff's employer.

20.     During the May 4, 2012 conversation, Defendant's manner and tone toward Plaintiff was so highly offensive that it caused Plaintiff to become very upset, and exacerbated her asthma to the point that her inhaler was needed as Plaintiff was having trouble breathing.

21.     Despite Plaintiff's demand to cease and desist from placing any calls to Plaintiff's cellular telephone between 8:00 A.M. and 4:30 P.M., and in connection with the collection of an alleged debt in default, Defendant placed a call to Plaintiff's cellular telephone on June 13, 2012 at 11:20 A.M., and at such time, spoke with Plaintiff.

22.     During the June 13, 2012 conversation, Plaintiff again demanded that Defendant cease and desist from placing any calls to Plaintiff's cellular telephone between 8:00 A.M. and 4:30 P.M., and reminded Defendant that such calls were very inconvenient because, "[Plaintiff] is at work and [Plaintiff is] not allowed to take personal calls."

23.     Defendant responded to Plaintiff in a very loud and disturbing tone and stated the following: "Yet you answered your phone. Are you going to pay this?"

24.     During the June 13, 2012 conversation, eventually Plaintiff became so upset that she ended the call.

25.     Upon information and good-faith belief, as of June 13, 2012, Defendant had not taken any "further actions" against Plaintiff, as was threatened in the April 28, 2012 conversation.

26. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and/or emotional distress.

27. As a result of the above violations, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress, and Defendants are liable to Plaintiff for Plaintiff's actual damages, statutory damages, costs and attorney's fees.

### COUNT I
### VIOLATION OF 15 U.S.C. § 1692c(a)(1)

28. Plaintiff repeats and re-alleges each and every allegation contained above.

29. Defendant violated 15 U.S.C. § 1692c(a)(1) by communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(1);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT II
### VIOLATION OF 15 U.S.C. § 1692c(a)(3)

30. Plaintiff repeats and re-alleges each and every allegation contained above.

31. Defendant violated 15 U.S.C. § 1692c(a)(3) by repeatedly contacting Plaintiff at her place of employment after being informed that such calls are inconvenient to Plaintiff and violate the policy of Plaintiff's employer.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(3);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT III
### VIOLATION OF 15 U.S.C. § 1692d

32. Plaintiff repeats and re-alleges each and every allegation contained above.

33. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692e(5)

34. Plaintiff repeats and re-alleges each and every allegation contained above.

35. Defendant violated 15 U.S.C. § 1692e(5) by threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including, but not limited to: threatening to "take further actions" if Plaintiff did not call Defendant back by a specific time, when Defendant had no intention of taking any further actions at that time.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692e(5);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1692e(10)

36. Plaintiff repeats and re-alleges each and every allegation contained above.

37. Defendant violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of an alleged debt from Plaintiff, including,

but not limited to: conveying a false sense of urgency for the purpose of compelling Plaintiff to continue communicating with a debt collector; and misrepresenting that Defendant would take further actions when Defendant had no intention of doing so at that time.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATION OF TEX. FIN. CODE § 392.304(a)(19)

38. Plaintiff repeats and re-alleges each and every allegation above.

39. Defendant violated Tex. Fin. Code § 392.304(a)(19) by using false representations or deceptive means to collect an alleged debt or obtain information from Plaintiff, including, but not limited to: conveying a false sense of urgency for the purpose of compelling Plaintiff to continue communicating with a debt collector; and misrepresenting that Defendant would take further actions when Defendant had no intention of doing so at that time.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated Tex. Fin. Code § 392.304(a)(19);

b) Awarding Plaintiff statutory damages pursuant to the TDCA;

c) Awarding Plaintiff actual damages pursuant to the TDCA;

    d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f)  Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

40.    Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted,

By: /s/ Noah D. Radbil
Noah D. Radbil
Texas Bar No. 24071015
Southern District Bar No. 1069583
noah.radbil@attorneysforconsumers.com
WEISBERG & MEYERS, LLC
Two Allen Center
1200 Smith Street, 16th Floor
Houston, TX 77004
Telephone: (888) 595-9111
Facsimile: (866) 565-1327

*Attorney-in-charge for Plaintiff*
CHERYL GILL